

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. PD-793-07, 794-07

### THE STATE OF TEXAS

**v.**

### MICHAEL HARVEY SHEPPARD, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE TWELFTH COURT OF APPEALS ANDERSON COUNTY

**MEYERS, J., filed a dissenting opinion.**

### O P I N I O N

This is another situation where the State postulates irrelevant grounds for review in order to persuade a majority of this court into granting review on an issue that seems interesting and important, but has little or no value in determining the legal outcome of the case. In doing so, the State has again achieved its goal of getting us to reverse the court of appeals on an underlying issue that was not raised.

The State's petition for discretionary review asks us to consider whether Article

15.22 determines the criteria that constitute an arrest for the purpose of Fourth Amendment search and seizure law, and whether the court of appeals erred by concluding that circumstances that would constitute a temporary detention under Fourth Amendment search and seizure jurisprudence must be considered to be an arrest because of the provisions of Article 15.22.[1] The obvious answer is "no." Article 15.22 does not control Fourth Amendment search and seizure law and neither the trial court nor the court of appeals said that it does. However, this answer to the points raised does not mean that the trial judge was wrong on the decision to grant the motion to suppress. The majority seems to disregard all the other determinations made by the trial court and the court of appeals. There were likely multiple reasons that the trial judge ruled the way he did and it is clear that the decision in this case was not made based on a mechanistic conclusion that placing handcuffs on Appellee alone constituted an arrest. Answering the ancillary question brought by the State should not mean that we fold up and put away the tent and the rodeo is over.

The actual issue that the State had a problem with was its belief that the search and seizure were reasonable and the trial court's determination that the officer did not have specific articulable facts to support a reasonable suspicion to believe Appellee was engaged in criminal activity to justify the search or placing him in handcuffs. The State

---

[1] Code of Criminal Procedure Article 15.22 states that "A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant."

raised both issues on appeal, arguing that the search was supported by reasonable suspicion and that Appellee was not arrested at the time he gave consent to search. The State did not raise the reasonableness of the search in its petition for discretionary review. I suspect that this was probably because it knew that we would not be enticed by that question. If the State had asked us to consider that issue, we probably would have refused to grant the petition after determining that there was little benefit to reviewing a fact-based decision from an unpublished opinion. We don't usually grant review for the sole purpose of allowing the State another chance to admit evidence that was legitimately suppressed. *See* RULE OF APPELLATE PROCEDURE 66.3. Instead, we usually give great deference to a trial court's ruling on a motion to suppress evidence, allowing the trial judge to believe or disbelieve all or any part of a witness's testimony, even if that testimony is uncontroverted, and upholding the trial court's ruling if it is correct on any theory of law applicable to the case. *See State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

Although the characterization of the handcuffing as an arrest or detention was not the determining factor in the trial court's or court of appeals's analysis, the State framed the issue this way in order to grab the Court's attention, and the plan worked. However, instead of considering this issue and simply saying that placing someone in handcuffs does not necessarily constitute an arrest in every situation,[2] the majority says that the trial

---

[2]*See Swain v. State*, 181 S.W.3d 359, 366 (Tex. Crim. App. 2005); *Balentine v. State*, 71 S.W.3d 763, 771 (Tex. Crim. App. 2002).

judge erred because he did not believe that the officer's actions were reasonable under the Fourth Amendment. Determining that this is a legal ruling that is not subject to deference, the majority conducts its own analysis of the circumstances surrounding the case and the reasonableness of the detention and search, and concludes that this was a mistake of law. The majority says that the trial judge was mistaken about the legal significance of the facts that he found, and that his conclusions of law do not flow from his factual findings.[3] I agree that there was testimony that, if believed, may have supported a frisk and detention. However, as we stated in *Ross*, we should not presume error when there is a legal theory that supports the trial court's ruling. 32 S.W.3d at 858. The majority says that the court of appeals upheld the trial court's ruling by *speculating* about credibility determinations that are not in the written findings of fact. However, in order to reverse the trial court's ruling, the majority has *speculated* that: the trial court found the report given by an admitted drug user to be credible; the trial court believed the officer's testimony (despite comments made on the record indicating otherwise);[4] and that

---

[3]This is a stretch from whether Article 15.22 determines the definition of arrest under the Fourth Amendment, but I guess it's good enough for government work. *See Yeager v. State*, 104 S.W.3d 103, 109 (Tex. Crim. App. 2003) (Meyers, J. dissenting).

[4]The majority says that there is no indication that the trial judge disbelieved the officer's testimony, but that is simply not true. Deputy Smith testified that he frisked Appellee "for officer safety" and when asked why he handcuffed Appellee, he responded, "For my safety." When questioned by the defense, Deputy Smith agreed that Appellee was not free to go, and admitted that he did not know whether Appellee was detained or arrested at that time. The court stated, "They call it detention, but maybe it's a detained arrest. But in [any] event, he's confined. . . . He was not free to leave." The State said, "He was only detained, Judge, for officer's safety. He was not under arrest." The court responded, "I'm having a problem with your officer's safety issue." The majority concludes that Deputy Smith did not need to give the trial court valid

the trial court made mistakes of law regarding reasonable suspicion, the legality of the frisk and handcuffing, and the legality of the search. I have never seen this done before.

Our duty was to simply answer the question raised in the grounds for review and conclude whether Article 15.22 determines what constitutes an arrest for purposes of Fourth Amendment jurisprudence and then review whether the court of appeals correctly determined that a person is under arrest if a reasonable person would have believed that he was not free to leave under the circumstances surrounding the incident. *State v. Sheppard,* Nos. 12-06-00260-CR (Tex. App.–Tyler April 30, 2007) (not designated for publication) 2007 Tex. App. LEXIS 3325 at *12 (citing *Swain*, 181 S.W.3d at 366). Obviously a resolution of these questions doesn't impact the ultimate ruling by the trial court and the court of appeals. The ruling of the trial judge and the opinion of the court of appeals have been set aside unnecessarily and, I feel, unfairly. Certainly the Appellee is allowed to request another suppression hearing and hope that the trial judge enters more exact findings and conclusions to support his ruling this time.

Because I disagree with the majority's characterization of the trial court's ruling and the failure to limit the analysis to the issue raised, I respectfully dissent.


Meyers, J.

Filed: December 10, 2008
Publish

---

reasons for his "officer safety" basis for the search.